IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PHILLIP L. PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-4166-CV-C-NKL |
| ) | |
| ABB POWER T&D INC., MIKE ) | |
| HOFFMAN, ERIC MERCER, DUANE ) | |
| VANSCOY, and DENNIS KEMPKER, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Phillip L. Porter ("Plaintiff") brings this action against Defendants ABB Power T&D Inc. ("ABB"), as well as Mike Hoffman, Eric Mercer, Duane Vanscoy and Dennis Kempker (collectively, "Individual Defendants"). ABB removed the action to this Court from the Circuit Court of Callaway County, Missouri. Plaintiff claims violations of the Missouri Human Rights Act ("MHRA"), codified at Section 213.010, et seq., of the Missouri Revised Statutes. Before the Court are Plaintiff's Motion to Remand [Doc. # 18] and the Motions to Dismiss of each of the four Individual Defendants [Docs. ## 6, 8, 13, 15]. Because the Court concludes that it is without subject matter jurisdiction over this case, the Motion to Remand is granted in part and denied in part; the Court does not reach the Motions to Dismiss.

1

## I. Procedural Background

Before filing an action in court against ABB or the Individual Defendants, Plaintiff filed a Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights ("MCHR"). The Charge named ABB as the "Employer . . . That Discriminated Against Me"; the "Particulars" section of the Charge specifically names Defendants Hoffman, Mercer, and Vanscoy as individuals who discriminated against Plaintiff. Defendant Kempker's name does not appear in the Charge.

In April 2008, Plaintiff filed his first petition against ABB in the Circuit Court of Callaway County, Missouri, naming only ABB as a defendant. ABB removed that first action to this Court based on diversity jurisdiction, provided by 28 U.S.C. §§ 1332 and 1441. Subsequently, the Court granted Plaintiff's motion to dismiss without prejudice.

In June 2008, Plaintiff filed his second petition in the Circuit Court of Callaway County, Missouri. The second petition is quite similar to the first, but names the Individual Defendants as well as ABB. The Individual Defendants are residents of Missouri, as is Plaintiff. ABB removed this second petition to this Court based on diversity jurisdiction.

Plaintiff claims his case should be remanded to state court for lack of diversity jurisdiction because the parties are not diverse – both he and the Individual Defendants are citizens of Missouri.[1] ABB resists remand, claiming that Plaintiff fraudulently joined the Individual Defendants for the sole purpose of defeating the Court's diversity jurisdiction.

---

[1] *See generally* 28 U.S.C. § 1332 (allowing diversity jurisdiction where there is complete diversity of citizenship and the amount in controversy exceeds $75,000).

## II. Discussion

"Whether a plaintiff has fraudulently joined a party to defeat diversity jurisdiction is a question of subject matter jurisdiction" for the Court. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). In reviewing a motion to remand, the Court must resolve all doubts about federal jurisdiction in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993). As the removing party, ABB bears the burden of proving fraudulent joinder. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005).

> The common thread underlying the question whether a defendant has been fraudulently joined to defeat diversity jurisdiction is reason. Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claims. Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.

*Menz v. New Holland North Am., Inc.*, 440 F.3d 1002, 1005 (8th Cir. 2006) (citation and internal quotation marks omitted).

ABB argues that Plaintiff cannot state a viable MHRA claim against the Individual Defendants because he failed to exhaust his administrative remedies against them. Under Missouri law, to exhaust administrative remedies, plaintiffs must file timely charges of discrimination with the MCHR and receive "right-to-sue" letters before seeking judicial relief. *See Igoe v. Department of Labor & Indus. Relations of State of Mo.*, 152 S.W.3d 284, 285 (Mo. 2005) (en banc). Essentially, ABB argues that Plaintiff's Charge fails to operate against the Individual Defendants for two reasons: first, the Charge lists only ABB - and not the Individual Defendants – in the section of the Charge form marked "Employer . . . That Discriminated Against Me"; second, the Charge fails to give the names *and* addresses of the

3

Individual Defendants as required by Section 213.075 of the Missouri Revised Statutes.

The parties cite to no Missouri supreme court or appellate law addressing the specific issues raised by ABB. Generally, when analyzing MHRA employment discrimination claims, Missouri courts are guided by federal employment discrimination case law that is consistent with Missouri law. *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818 (Mo. 2007); *Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238, 242 (Mo. App. 2006). Under federal employment discrimination case law, subsequently-filed complaints need not mirror administrative charges of discrimination. *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1026 (8th Cir. 2004) (citation omitted) (cited with approval in *Beciri v. Back-Mueller Surg. Instr., Inc.*, No. 0822-CC00588 (Cir. Ct. City of St. Louis, Mo. July 21, 2008)[2]). The sweep of such complaints may be as broad as the scope of the administrative investigation "which could reasonably be expected to grow out of the charge of discrimination." *Id*. Confirming that this concept applies in the MHRA context, the Eighth Circuit has directed that MCHR charges "must be construed liberally." *See Stuart v. General Motors Corp.*, 217 F.3d 621, 630-31 (8th Cir. 2000). ABB's argument for a

---

[2] ABB relies heavily on *Beciri*, a recent opinion from the Circuit Court of the City of St. Louis, Missouri. *See Beciri v. Back-Mueller Surg. Instr., Inc.*, No. 0822-CC00588 (Cir. Ct. City of St. Louis, Mo. July 21, 2008). The *Beciri* court summarily dismissed an individual defendant who was not named as a respondent in an administrative charge; the *Beciri* opinion does not discuss whether – like the Individual Defendants in the instant case – the *Beciri* individual defendant was named in the descriptive section of the charge, or whether that individual responded to the charge. Not having addressed the situation at hand, *Beciri* is not persuasive authority in the instant case. Even if *Beciri* involved a situation identical to the instant case, it does not demonstrate that no reasonable Missouri court would issue a ruling contrary to that of the *Beciri* court.

technical reading of Plaintiff's MCHR Charge does not jibe with the Eighth Circuit's interpretation of the MHRA.

Construing administrative charges liberally, courts have held that actions may proceed against defendants who are not formally named in administrative discrimination charges where those defendants are informally referenced in those charges. *See, e.g., Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985); *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857 (10th Cir. 1983); *Bennett v. Tyson Foods, Inc.*, No. 1:05CV00052HEA, 2005 WL 1668147, at *4 (E.D. Mo. Jan. 18, 2005) (rejecting argument of fraudulent joinder argument based on failure to exhaust administrative remedies where individual defendant was named in the body, but not in the discriminating employer section, of an MCHR charge form). "The filing of an [administrative] charge is unnecessary where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Greenwood*, 778 F.2d at 451 (considering federal discrimination law).

Defendants Hoffman, Mercer, and Vanscoy were named in the Charge. Defendants Hoffman and Mercer actually responded to the Charge, demonstrating both that they were on notice and understood that the charge was at least in part against them. Thus, a Missouri court could reasonably find that at least some of the Individual Defendants had the requisite notice and opportunity to participate. *See generally*, *Peterson v. Concentra, Inc.*, No. 4:07CV387-DJS, 2007 WL 1459826, at *2 (E.D. Mo. May 16, 2007)(rejecting fraudulent joinder argument on motion to remand where individual defendant was not named in MCHR

charge); *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1034 (E.D. Mo. 2004) (same). *See, e.g., Klotz v. CorVel Healthcare Corp.*, No. 4:05 CV 1034 CAS, 2005 WL 3008515, at *5 (E.D. Mo. Nov. 9. 2005) (finding no fraudulent joinder based on failure to exhaust administrative remedies where individual MHRA defendant was not named in administrative charge).

Therefore, the Court cannot conclude that all of the Individual Defendants were fraudulently joined. They are Missouri residents, as is Plaintiff. As such, the parties to the instant MHRA action are not diverse[3] and the Court is without subject matter jurisdiction. The Court grants Plaintiff's request for remand.

### A. Attorney Fees and Costs

Plaintiff requests attorney fees and costs under 28 U.S.C. § 1447(c) (permitting award of attorney fees and costs following remand). While the Court disagrees with ABB's position on fraudulent joinder, ABB appears to have made its argument in good faith and with reference to applicable law. The Court denies Plaintiff's request for attorney fees and costs.

## III. Conclusion

Accordingly, it is hereby ordered that Plaintiff's Motion to Remand [Doc. # 18] is GRANTED in part and DENIED in part. This case is remanded to the Circuit Court of Callaway County, Missouri.

It is further ordered that the pending motions to dismiss [Docs. ## 6, 8, 13, 15] are

---

[3] Lacking diversity jurisdiction on this basis alone, the Court does not reach the question of whether the instant action satisfies the requisite amount-in-controversy.

DENIED as moot.

                                                  s/ NANETTE K. LAUGHREY
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: October 20, 2008
Jefferson City, Missouri

7

Case 2:08-cv-04166-NKL   Document 36   Filed 10/20/08   Page 7 of 7